**COMMONWEALTH of Kentucky, Appellant,**

v.

**Max JONES, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1974.

Ed W. Hancock, Atty. Gen., George Geoghegan, III, Asst. Atty. Gen., Frankfort, for appellant.

Michael A. Owsley, English, Lucas, Priest & Owsley, Bowling Green, for appellee.

STEINFELD, Justice.

Appellee Max Jones was indicted for violating the following statutes:

KRS 202.267—"Every patient shall be entitled to humane care and treatment and to the extent that the facilities, equipment and personnel are available to medical care and treatment in accordance with the standards accepted in medical practice."

KRS 202.269—"Mechanical restraints shall not be applied to a patient unless it is determined by an authorized staff physician or his designated representative to be required by the medical needs of the patient. Every use of a mechanical restraint and the reasons therefor shall be made a part of the clinical record of the patient under the signature of the authorized staff physician or his designated representative."

The indictment was dismissed because " * * * the penalty provisions * * * of KRS 202.267 and 202.269 are so constructed as to fail to adequately inform an individual of the criminal nature of his acts and said sections are so vague, indefinite and uncertain as to be unconstitutional insofar as having criminal application * * *." The Commonwealth seeks certification of the law. KRS 21.140(3).

■ Jones argues that the meaning of KRS 202.267 and 202.269 are so vague that the personnel attending to mental patients must guess at the meaning of these enactments. It is our opinion that insofar as these statutes relate to the care of those persons embraced by the statutes, the words used convey, " ' * * * (a) sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.' " Anderson v. United States, 215 F.2d 84 (6th Cir. 1954).

KRS 202.267 and 202.269 are sections 31 and 32 of Chapter 90 of the Acts of 1968, which chapter was titled "*An Act* relating to the hospitalization of mentally ill and mentally retarded persons." Section 64(4) of that legislative enactment directed that sections 31 and 32 be incorporated in Chapter 202 of the Kentucky Revised Statutes. Section 64(2) directed that the penalty provisions which were contained in Chapter 202 before the 1968 Act be recompiled in Chapter 203 of the statutes. Section 64(6) directed that "The Revisor shall compile in KRS Chapter 210 * * *" various sections of the Act, one of which was section 61. The Revisor of the statutes followed these mandates and numbered the penalty provision for violating sections 31 and 32 (and others) as KRS 210.991, which provides in part:

"Any person who wilfully causes or conspires with or assists another in causing * * * (2) the denial of any individual of any of the rights accorded to him under the provisions of KRS chapters 202, 203 and 210 shall be punished by a fine not exceeding five thousand dollars ($5,000) or imprisoned for a term not to exceed five (5) years or both." Acts 1968, Ch. 90, Sec. 61.

There is nothing in KRS Chapter 202 to indicate that 202.267 or 202.269 are penal statutes or that a provision in Chapter 210 relates to these sections.[1] Chapter 202 is titled "Hospitalization of Mental Patients" and Chapter 210 is titled "Department of Mental Health".

The Commonwealth contends that because the provisions of KRS 202.267, 202.269 and 210.991(2) can be found in Chapter 90 of the 1968 Acts, Jones was charged with knowledge of the criminal nature of KRS 202.267 and 202.269. The Commonwealth does not cite any authority to support its contention.

■ "One 'is not to be subjected to a penalty unless the words of a statute plain-

---

1. The index to the officially published statutes does not contain any references to penalty for violating these statutes.

ly impose it.'" Commissioner of Internal Revenue v. Acker, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959). The Act plainly imposed a penalty, but ordered an arrangement of the statutes which destroyed the clarity of the intent of the Act. If the legislative body enacts a law which may be criminal in nature and that body directs the statutory compilation of the law, it must order that the penalty be included in the chapter of the statutes which contains the proscribed conduct, or, if in another chapter, appropriate references must be made. In this way, proper notice is given that the proscribed act is a criminal offense. Cf. Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951); 21 Am.Jur.2d, Criminal Law, Sec. 17 (1965). Hence, the judgment of the trial court was correct.

The law is so certified.

All concur.